IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GARY W. NETTO AND**
**DEJUANA L. NETTO**                                                                              **PLAINTIFFS**

**v.**                                                                           **CAUSE NO. 1:16CV389-LG-RHW**

**ATLANTIC SPECIALTY INSURANCE CO.**
**AND GEICO INDEMNITY COMPANY**                                    **DEFENDANTS**

## ORDER DENYING MOTION TO REMAND

BEFORE THE COURT is the plaintiffs' Motion [13] to Remand. Plaintiffs' contend that the parties are not completely diverse, and therefore the Court does not have subject matter jurisdiction under the diversity jurisdiction statute. The defendants have responded, but there has been no reply. After due consideration of the submissions and the relevant law, it is the Court's opinion that it has subject matter jurisdiction in this case. Accordingly, the Motion to Remand will be denied.

BACKGROUND

Plaintiffs Gary and Dejuana Netto are a married couple who filed this lawsuit in Pearl River County, Mississippi, Circuit Court after Gary was involved in a vehicle accident. Gary alleges he was a passenger in a vehicle owned by his employer, Pearl River County, Mississippi, when it was rear-ended while the driver attempted to make a left turn. Gary and Dejuana have sued Atlantic Specialty Insurance Company and GEICO Indemnity Company for underinsured motorist benefits.[1] Dejuana brings a derivative loss of consortium claim. The defendants

---

[1] Atlantic Specialty issued a policy to Pearl River County, while GEICO issued a policy to the plaintiffs.

removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  The plaintiffs timely moved for remand.

DISCUSSION

The plaintiffs argue that their lawsuit is a "direct action" against both insurers under Mississippi law.  Accordingly, applying 28 U.S.C. § 1332(c)(1), the insurers step into the diversity jurisdiction of their insured.  The statute provides in part:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of [ ] every State and foreign state of which the insured is a citizen.

28 U.S.C.A. § 1332(c)(1).  Thus, Plaintiffs argue that Atlantic Specialty should be deemed a Mississippi resident like its primary insured, Pearl River County, Mississippi, and GEICO should be deemed a Mississippi resident like its insureds, Gary and Dejuana Netto.  As all parties would have Mississippi citizenship in this scenario, there would be no diversity.

The defendants respond that § 1332(c)(1) is not applicable for a number of reasons.  First, Mississippi is not a direct action state and does not allow Plaintiffs to assert a liability claim directly against a liability carrier.  Therefore § 1332(c)(1) does not come into play.  Second, Plaintiffs could not name Pearl River County as a defendant simply because it was Atlantic Specialty's insured, and it is "nonsensical" to claim that they could have named themselves defendants as GEICO's insured.  (Def. Resp. Mem. 4, ECF No. 18).  Most importantly, Defendants cite case law holding that the provision does not apply to suits by an insured against his own

2

insurer. *See, e.g., Adams v. State Farm Mut. Auto. Ins. Co.*, 313 F. Supp. 1349, 1352 (N.D. Miss. 1970).

> The purpose of the "direct action" provision in § 1332(c)(1) was to prevent an injured party from gaining diversity over a non-diverse tortfeasor by directly suing the tortfeasor's out-of-state insurance company instead of the tortfeasor. The section was thus not intended to thwart diversity in suits between an insured and the insured's own insurance company.

*Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, at *1 n.1 (5th Cir. 1999) (citing *Myers v. State Farm Ins. Co.,* 842 F.2d 705, 707 (3d Cir.1988); Andrew M. Campbell, *Construction and Application of 28 USCS § 1332(c)(1), Establishing Citizenship of Insurer in Diversity Action Against Such Insurer Where Insured Is Not Joined as Party Defendant,* 119 A.L.R. Fed. 135, 171-77 (1994)).

Plaintiffs allege that Gary is an employee of Pearl River County and an insured for "underinsured compensatory damages" under the Atlantic Specialty policy issued to Pearl River County. (Compl. 5, 7 (¶¶ 10-11, 20), ECF No. 1-2). By suing Atlantic Specialty for underinsured motorist benefits, Gary is suing his own insurer, not the tortfeasor's insurer.

> The insured obviously is not joined as a party-defendant because the insured is the plaintiff. Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity—federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant would always be considered citizens of the same state.

*Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 343 (6th Cir. 2003).

Therefore, the direct action provision of the diversity jurisdiction statute does not apply to this case. *See id.* (suit seeking UM/UIM coverage under an employer's

automobile insurance policy is not a direct action). As the parties are completely diverse and there is no dispute that the amount in controversy is at least $75,000, the Court has subject matter jurisdiction of this case. The Motion to Remand will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiffs' Motion [13] to Remand is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of December, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE