UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY W. NETTO and
DEJUANA L. NETTO                                                              PLAINTIFFS

VERSUS                                                CIVIL ACTION NO. 1:16CV389-RHW

ATLANTIC SPECIALTY INSURANCE COMPANY et al                        DEFENDANTS

## ORDER GRANTING IN PART MOTION TO COMPEL

On August 14, 2013, Plaintiff Gary Netto was injured in an automobile accident. At the time of the incident, Plaintiff was a passenger in a vehicle owned by his employer and insured by Defendant Atlantic Specialty Insurance Company (ASIC) pursuant to a policy issued to the Pearl River County Board of Supervisors (Pear River County). Doc. [1-2] at 3, 5. Plaintiff filed a claim with the at-fault driver's liability insurance carrier. *Id.* at 6. Plaintiff eventually settled with the at-fault driver and later communicated a claim against ASIC's uninsured/underinsured motorist policy. Doc. [79-7]. ASIC denied Plaintiff's claim based on a policy exclusion that required Plaintiff to obtain ASIC's consent before settling with the owner or operator of the uninsured motor vehicle. *Id.*; Doc. [79-8] at 2. Plaintiff filed the instant lawsuit in state court on August 12, 2016. Doc. [1-2]. ASIC later removed the action to federal court. Doc. [1].

Before the Court is Plaintiff's Motion to Compel ASIC to produce unredacted copies of documents. Doc. [78]. Specifically, Plaintiff refers to claim file notes Bates stamped ASIC 0002-0009. According to Plaintiff, "[w]hat ASIC knew, or should have known, at the time the [Mississippi Workers Compensation Commission] approved the third-party settlement, is the primary thrust of this discovery effort." Doc. [79] at 3. Plaintiff further asserts that "information in the redacted claim file notes may show that ASIC was aware of the third-party settlement prior to July 29, 2015." *Id.* at 6. ASIC objects to production of these documents on the basis of

attorney-client privilege and the work product doctrine. ASIC also argues that its knowledge of Plaintiff's third-party settlement is not relevant because of the policy exclusion requiring consent. By order dated October 6, 2017, the Court directed ASIC to produce the documents in question for *in camera* review. Doc. [109]. The Court has received and reviewed the documents.

As an initial matter, Plaintiffs argue that the privilege log is insufficient and, therefore, the Court should deem the asserted privileges to be waived. Pursuant to the federal rules, the privilege log must "describe the nature of the documents, communications, or things not produced or disclosed—and doing so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" of privilege or protection. Fed. R. Civ. P. 26(b)(5). Local Rule 26(e) also requires every privilege log to contain the name of the document and a description of the document, which description includes the date, the author, the recipient, and the nature of the privilege. While ASIC's privilege log is deficient in some particulars, the Court finds when reviewed in conjunction with the redacted documents, the privilege log meets the requirements of the rules.

The work-product doctrine shields from discovery materials prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Excluded from the work-product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation. *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). If the primary motivating purpose behind the creation of the document was to aid in possible future litigation, then it is protected by the work-product doctrine. *In re Kaiser Alum. & Chem. Co.*, 214 F.3d at 593. The work product rule does not come into play merely because there is a remote prospect of future litigation and ordinarily does

not extend to investigative reports done by a business entity in the ordinary course of business. *See El Paso Co.*, 682 F.3d at 542; *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983). The burden of establishing that a document is work product is on the party who asserts the claim. *Hodges, Grant & Kaufman v. United States Dept. Treas.*, 768 F.2d 719, 721 (5th Cir. 1985).

Pearl River County, the insured, received a letter of representation from Plaintiff's attorney on May 29, 2015. Doc. [79-2] at 1. Pearl River County forwarded the letter to ASIC, its insurer, on June 2, 2015. *Id.* at 2. All of the redacted file notes post-date the letter of representation. In fact, some of the file notes were entered even after Plaintiffs filed the lawsuit in state court on August 16, 2016. ASIC's position is that every claim file note from June 2, 2015, forward is in anticipation of litigation. There is no indication in the record that Plaintiff's counsel made direct contact with ASIC until a letter dated September 18, 2015. *See* Doc. [79-7] at 2.

As a general matter, the claim file contents are discoverable absent some valid privilege or protection from disclosure. In this instance, ASIC argues that all of the claim file notes in question are protected from disclosure by the mere fact that ASIC was aware Plaintiff was represented by counsel to pursue a possible claim under ASIC's policy. The claim file notes at ASIC 0002 post-date the filing of Plaintiff's lawsuit and therefore are protected by attorney-client privilege and/or work product doctrine. Likewise, the 10/3/2016 entry on ASIC 0003 post-dates the filing of Plaintiff's lawsuit, and therefore need not be produced. Moreover, all entries beginning with 4/13/2016 are in anticipation of litigation, because at this point ASIC had received a settlement demand from Plaintiff's counsel. At issue is whether any of the claim file notes prior to 4/13/2016 were part of the ordinary course of business or whether they were

3

brought into being in anticipation of litigation and therefore excluded as work-product materials. *See El Paso Co.*, 682 F.2d at 542; *Dunn v. State Farm Fire and Cas. Co.*, 122 F.R.D. 507, 510 (N.D. Miss. 1988). Stated differently, when did the insurer shift from acting in its ordinary course of business to acting in anticipation of litigation? *Dunn*, 927 F.2d at 875.

The mere fact that ASIC received, second hand from its insured (Pearl River County), a letter informing Pearl River County of a possible claim under the insurance policy does not automatically render as work product all subsequent claim file entries. In fact, Aaron Stone (Vice-President of Claims) conceded that assigning an adjuster to investigate a claim is part of the ordinary course of business. Doc. [104-5]. ASIC received the letter of representation on June 2, 2015. Doc. [79-2] at 1-2. Barbara McConnell was assigned as the claim adjuster. Doc. [104-5]. McConnell categorized several of the redacted entries from June 2 through June 4, 2015, as "Investigation". *See* Doc. [79-6] at 6-8. ASIC eventually denied Plaintiff's claim based on his failure to obtain consent of the third-party settlement; however, Stone testified that ASIC was never afforded the opportunity to investigate because it first learned of the settlement when Plaintiff's counsel sent ASIC a copy of the Mississippi Workers Compensation Board order approving the settlement. Doc. [79-4] at 1.

Aaron Stone sent a letter to Plaintiff's counsel dated June 2, 2016, approximately one year after ASIC opened the claim file. In the letter, Stone indicates that ASIC had no contact with Plaintiff's counsel until it received a letter dated September 18, 2015, from Plaintiff's counsel, advising ASIC that Plaintiff had collected policy limits against the tortfeasor and intended to make a UM claim against ASIC. Doc. [79-7] at 2. From this point forward, any claim file notes would be in anticipation of litigation, because Plaintiff had made a formal claim

4

under ASIC's policy and ASIC first became aware that the policy exclusion requiring consent might apply.

The Court finds that any entries prior to September 18, 2015, were not in anticipation of litigation and should be produced for the following reasons: (1) ASIC had no direct contact with Plaintiff's counsel prior to the September 18, 2015, letter; (2) ASIC could not have been aware that the consent policy exclusion applied until after it learned of the third-party settlement on September 18, 2015; (3) ASIC appeared to conduct a routine claim investigation prior to maintaining direct communication with Plaintiff's counsel, even categorizing many of the claim file entries as "Investigation"; and (4) several claim file entries from June 2-4, 2015, demonstrate some uncertainty on the part of ASIC employees/adjusters regarding the precise nature of Plaintiff's claim under ASIC's policy. It was only after Plaintiff's counsel contacted ASIC on September 18, 2015, that ASIC first formally understood that Plaintiff sought UM coverage under ASIC's policy and that ASIC first became aware the policy exclusion requiring consent might apply. Based on the foregoing, the Court finds that ASIC failed to meet its burden of demonstrating that claim file entries prior to September 18, 2015, constitute protected work product.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [78] Motion to Compel is GRANTED in part and DENIED in part, subject to the provisions outlined in this Order. ASIC is directed to provide Plaintiff with unredacted copies of the pre-September 18, 2015, claim file notes no later than October 13, 2017, at 1:00 pm.

SO ORDERED AND ADJUDGED, this the 11th day of October, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE