UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY W. NETTO and
DEJUANA L. NETTO                                                           PLAINTIFFS

    VERSUS                              CIVIL ACTION NO. 1:16CV389-RHW

ATLANTIC SPECIALTY INSURANCE COMPANY et al                  DEFENDANTS

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND GRANTING MOTION TO AMEND COMPLAINT

Before the Court is Defendant Atlantic Specialty Insurance Company's (Atlantic

Specialty) motion for summary judgment. Doc. [134]. Also pending is Plaintiffs' motion to

amend their complaint to allege bad faith. Doc. [121]. On August 14, 2013, Plaintiff Gary W.

Netto was involved in an automobile accident while acting in the course and scope of

employment for Pearl River County. He was the passenger in a vehicle (2013 F-150 Ford)

owned by his employer, Pearl River County, and insured by Atlantic Specialty. An automobile

driven by Jesse Mosley rear-ended Pearl River County's truck. On October 25, 2016, Plaintiffs

Gary W. Netto and Dejuana L. Netto filed the instant complaint seeking damages pursuant to the

uninsured motorist policy issued to Pearl River County by Atlantic Specialty. Contained within

the policy is a provision excluding coverage for "[a]ny claim settled with the owner or operator

of the 'uninsured motor vehicle' without our consent." Doc. [134-3] at 2.

Counsel for Plaintiffs sent a letter, dated May 29, 2015, addressed to the Pearl River

County Board of Supervisors advising that counsel "has been retained to represent the interests

of Gary Netto, involved in an automobile accident in Pearl River County, Mississippi on August

14, 2013." Doc. [138-5]. Counsel further stated "[w]e request that you please forward this

correspondence to the insurance carrier in force at the time of this accident and request that they

make contact with our office immediately." *Id.* Atlantic Specialty received the letter of representation, from Pearl River County, on June 2, 2015. Atlantic Specialty also opened a claim file on June 2, 2015. Doc. [138-6] at 4. A claim file note dated June 2, 2015, states that the claim is "likely a UIM claim by [Plaintiff]". *Id.* Other claim file entries dated June 3 and 4, 2015, confirm that Atlantic Specialty deemed this a "UIM claim", with potential coverage under Pearl River County's policy. *Id.* at 2-3.

On July 21, 2015, Plaintiff reached a settlement with the tortfeasor and the MS Public Entity WC Trust. Doc. [134-2]. In relevant part, the Absolute Release signed by Plaintiff released "Claude A. Mosley. . . and any and all other persons. . . having any liability or alleged liability. . . on account of or as a result of all injuries sustained to and by Gary Netto resulting from or arising out of the incident of August 14, 2013, which occurred in Pearl River County, Mississippi[.] Doc. [134-2] at 1. The Mississippi Workers' Compensation Commission approved the settlement on July 29, 2015. Doc. [138-1]. It is undisputed that Plaintiffs entered into this settlement without first obtaining the consent of Atlantic Specialty.

According to Atlantic Specialty's claim file notes, Between June 4, 2015, and July 29, 2015, Atlantic Specialty had no activity with respect to its investigation of Plaintiffs' claim. On July 29, 2015, the day that the Mississippi Workers' Compensation Commission approved the settlement, Atlantic Specialty's claims examiner placed a telephone call to Plaintiffs' counsel and left a message requesting that counsel return her call. Doc. [138-6] at 1. There is no record that Atlantic Specialty attempted to contact Plaintiffs' counsel prior to July 29, 2015; however, the claims examiner did contact a representative of the insured (Pearl River County) on June 3, 2015, to discuss Plaintiff Gary Netto's potential claim. *See id* at 3. The insured informed the claims examiner that Plaintiff had an open workers' compensation claim and that he had surgery

to his knee and back.  In her deposition, Barbara McConnell admitted that no one with the

insurer provided any information to Plaintiff or his attorney with respect to policy conditions and

requirements.  Doc. [138-7] at 13.  Pamela Hunt, Pearl River County's insurance agent, testified

that her office does not provide insurance policy information to Pearl River County employees.

Doc. [145-1].

Having had no direct communication with Atlantic Specialty, Plaintiffs' counsel sent a

second letter of representation, this time directly to Atlantic Specialty, on September 18, 2015.

Doc. [138-8].  Plaintiffs represent that they became aware that One Beacon/Atlantic Specialty

was Pearl River County's insurer only after they received information in a completely unrelated

matter where a county employee was injured in a county-owned truck.  Doc. [139] at 11.

Plaintiffs' representations in their pleading do not constitute competent summary judgment

evidence.  Nevertheless, Atlantic Specialty has not provided summary judgment evidence

demonstrating Plaintiffs possessed actual knowledge of the provisions of the subject insurance

policy or the identity of Pearl River County's insurer prior to the July 21, 2015, settlement.

## Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of

the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other

contested issues of fact are rendered immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations

of fact on a motion for summary judgment, the court must view the evidence submitted by the

parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

Where federal jurisdiction is based on diversity of citizenship, as it is here, the Court applies the substantive law of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). To determine Mississippi law, the Court looks to the final decisions of Mississippi's highest court. *See Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003). Because the Mississippi Supreme Court has not addressed the precise issues presented here, the court has to make an "*Erie* guess" as to how that court would have resolved the issues if presented with them. *Id.*; *see also Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191–92 (5th Cir. 2010); *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 749–50 (5th Cir.1995).

The subject policy is for uninsured motorist coverage issued by Atlantic Specialty to Pearl River County. "The terms and provisions of the Mississippi Uninsured Motorist Coverage

Act are written into every automobile liability policy issued" in Mississippi. *Stevens v. U.S. Fidelity & Guaranty Co.*, 345 So.2d 1041, 1045 (Miss. 1977). The UM statute is "liberally construed so as to provide coverage." *Lawler v. Gov't Employees Insur. Co.*, 569 So.2d 1151, 1153 (Miss. 1990). The Mississippi Supreme Court's jurisprudence requires enforcement of the "UM Coverage Act as a valid expression of our legislature's interest in protecting innocent victims injured at the hands of financially irresponsible drivers." *Id.* at 1154.

At issue is whether the claims of Plaintiffs Gary W. Netto and Dejuana L. Netto are excluded by virtue of the consent-to-settle exclusion contained in the subject policy issued to Pearl River County. It is undisputed that Plaintiffs entered into a settlement with the owner (Claude A. Mosley) of the vehicle driven by the tortfeasor (Jesse Mosley) without first receiving consent to settle from Atlantic Specialty. Such a settlement would appear to violate the consent-to-settle provision of the subject policy.

Plaintiffs first argue that the tortfeasor Jesse Mosley was not covered by the release. The Absolute Release executed by Plaintiffs did not name Jesse Mosley; therefore, Plaintiffs argue that Atlantic Specialty retained its subrogation rights against him. The Court rejects this argument. Claude Mosley owned the vehicle driven by the tortfeasor Jesse Mosley. The agreement released "Claude A. Mosley. . . and any and all other persons. . . having any liability or alleged liability" resulting from the incident of August 14, 2013. The Court finds that the language of the release covers Jesse Mosley because he belongs to the category of "any and all other persons . . . having liability or alleged liability" for the incident and resulting injuries.

Plaintiffs next argue that the policy exclusion should not apply to them, because they were unnamed insureds on the policy. Plaintiffs argue that they were unaware of the consent-to-settle exclusion and that Atlantic Specialty failed to communicate with them prior to Plaintiffs

settling with the tortfeasor. Atlantic Specialty counters that Plaintiffs should have known about the policy exclusion. As proof, it submits a Mississippi Attorney General opinion, dated December 23, 1981, stating that municipal insurance policies are a matter of public record. Doc. [144-2].

Plaintiff Gary Netto was an unnamed insured. He was a beneficiary under the policy, but he was not a party to the insurance contract between Pearl River County and Atlantic Specialty. On the other hand, the summary judgment evidence demonstrates that as of June 2, 2015, Atlantic Specialty had actual knowledge of a potential claim by Plaintiff Gary Netto under its UM policy issued to Pearl River County. Obviously, Atlantic Specialty had knowledge of the provisions of its own insurance contract and knew that any prospective settlement between Plaintiffs and the tortfeasor would have to be approved by Atlantic Specialty as a protection against its subrogation rights. Plaintiffs settled their claims with the tortfeasor on July 21, 2015—seven weeks *after* Atlantic Specialty received actual notice of Plaintiffs' potential claim. There is no evidence that Plaintiffs knew the identity of Pearl River County's insurer or the existence and terms of the subject policy during this seven-week interval. Plaintiffs took measures to protect their right to recovery under any policies issued to Gary Netto's employer by sending a letter of representation and requesting that Pearl River County inform its insurance carrier to contact them. Pearl River County passed the letter of representation on to Atlantic Specialty. Between June 2, 2015 (when it received a copy of counsel's letter of representation), and July 21, 2015 (when Plaintiffs entered into a settlement with the tortfeasor), Atlantic Specialty apparently took no measures to preserve its subrogation rights, even though it was in a position of superior knowledge to the Plaintiffs with respect to the insurance policy and its provisions. Atlantic Specialty did not attempt to contact Plaintiffs until July 29, 2015, eight days

after the settlement with the tortfeasor, and the same day that the Mississippi Workers'

Compensation Commission approved the settlement. There is no indication in the record that

Atlantic Specialty made any other attempts to contact Plaintiffs prior to receiving a second letter

of representation directly from Plaintiffs' counsel in September 2015.

If Plaintiffs had been parties to the insurance contract, then the consent-to-settle provision

would prohibit recovery from Atlantic Specialty. *See Smith v. Safeco Ins. Co. of Am.*, 704

F.Supp. 111, 113 (S.D. Miss. 1988); *U.S. Fidelity & Guar. Co. v. Knight*, 882 So.2d 85, 93

(Miss. 2004); *U.S. Fidelity & Guar. Co. v. Hillman*, 367 So.2d 914, 919 (Miss. 1979). However,

the Mississippi Supreme Court has recognized a distinction between named insureds and

unnamed insureds with respect to the application of policy exclusions. *See Rampy v. State Farm*,

278 So.2d 428 (Miss. 1973); *see also Lawler*, 569 So.2d at 1158 (Robertson, J. dissenting) ("the

law is more lenient with [an unnamed insured] who may be unaware of coverage under the

policy."). In *Rampy*, the Mississippi Supreme Court held that a notice of suit exclusion should

not apply to an unnamed insured where it would place "an impossible burden on persons who

were not contracting parties and who did not have possession of the insurance policy, and could

not notify an insurance company of which they had no knowledge." 278 So.2d at 433.

Likewise, the Fifth Circuit has acknowledged "[t]he special case of the ignorant additional

insured", albeit in the context of Texas insurance law. *See Crocker v. Nat'l Union Fire Insur.*

*Co. of Pittsburgh*, 466 F.3d 347, 358. As noted by the Fifth Circuit, "not all additional insureds

are ignorant of their coverage under the named insured's policy. Some may be sophisticated

parties that might be charged with knowledge that they are (or are likely) additional insureds."

*Id.* at 358 n.11. However, the Fifth Circuit cited with approval from Robert C. Clifford,

Appleman on Insurance Law & Practice (2nd Ed.), § 138.9, "when the insured is an additional

insured and not a named insured, the insurer must show that the additional insured knew of the insurance coverage or that some reasonable effort was made to apprise him or her of the existence of the policy and its conditions." *Id.* at 353 n.6.

There is no summary judgment evidence suggesting that Plaintiff possessed knowledge of the policy's existence or its terms prior to entering into a settlement with the tortfeasor. Plaintiffs, while represented by counsel, apparently suspected the existence of coverage under a policy issued to Gary Netto's employer. Plaintiffs acted on this suspicion by contacting Pearl River County and requesting Pearl River County to notify its insurance carrier "in force at the time" of the automobile accident of August 14, 2013. Doc. [138-5]. Plaintiffs entered into settlement with the tortfeasor seven weeks after Atlantic Specialty received notice of the potential claim. Meanwhile, during this seven-week interval, Atlantic Specialty failed to alert Plaintiffs either to the fact that it had a policy in effect at the time of the accident or to the existence of a consent-to-settle exclusion. The Court finds there are fact questions precluding summary judgment on at least two points: (1) whether Plaintiffs acted diligently to discover the existence of insurance coverage through Gary Netto's employer prior to settling their claims with the tortfeasor, and (2) whether the insurer made reasonable efforts to apprise Plaintiffs of the existence of the policy and its conditions.

Plaintiffs have filed a motion to amend their complaint to include a claim of bad faith. Plaintiffs filed the motion on January 10, 2018, almost two months before the deadline for filing motions. The Court did not set a deadline to file motions to amend pleadings. Rather, the Court entered an abbreviated case management order limited to the issues related to Defendants' defense to the UM claims. *See* Amended Minute Entry (2/10/2017); Doc. [26] at 4. The Court did not establish a deadline to amend pleadings precisely because the parties' presented the

threshold issue of whether the consent-to-settle exclusion applied. Accordingly, the Court finds

that the more liberal standard for amendment to pleadings under Rule 15 should apply. Plaintiffs

will be permitted to amend their complaint to assert a bad faith claim. At this time, the Court

makes no finding regarding the viability of Plaintiffs bad faith claim.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [134] Motion for

Summary Judgment is DENIED, and Plaintiffs' [121] Motion to Amend the Complaint is

GRANTED.

SO ORDERED AND ADJUDGED, this the 8th day of June, 2018.


/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE