UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GARY W. NETTO and
DEJUANA L. NETTO                                                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:16CV389-RHW

ATLANTIC SPECIALTY INSURANCE COMPANY et al                          DEFENDANTS

## ORDER GRANTING MOTION FOR INTERLOCUTORY APPEAL

Before the Court is Defendant Atlantic Specialty Insurance Company's motion to certify for interlocutory appeal. Doc. [159]. On June 8, 2018, the Court entered an order denying Defendant's motion for summary judgment. Doc. [150]. Defendant requests that the Court certify the order for interlocutory appeal to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 1292(b). Plaintiffs have not filed a response in opposition to the motion. Section 1292(b) permits a district court to certify an order for interlocutory appeal only if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See Ryan v. Flowserve Corp.*, 444 Fed.Supp.2d 718, 721-24 (N.D. Tex. 2006). The Court finds that Defendant has met these requirements.

Defendant issued an uninsured motorist (UM) policy to Plaintiff Gary W. Netto's employer. The policy contained a consent-to-settle exclusion. Plaintiff was involved in an automobile accident while a passenger in one of his employer's vehicles. It is undisputed that Plaintiff was an unnamed insured under his employer's UM policy and that he entered into settlement with the tortfeasor, but did so without first obtaining consent of the insurer (Defendant). There is no summary judgment evidence suggesting that Plaintiff possessed knowledge of the UM policy or its consent-to-settle exclusion prior to entering into settlement

with the tortfeasor. On the other hand, the summary judgment evidence demonstrates that Defendant was aware of the accident and potential coverage under the UM policy prior to Plaintiff entering into the unauthorized settlement. The Court concluded that there were at least two fact issues precluding a grant of summary judgment: (1) whether Plaintiffs acted diligently to discover the existence of insurance coverage through Gary Netto's employer prior to settling their claims with the tortfeasor, and (2) whether the insurer made reasonable efforts to apprise Plaintiffs of the existence of the policy and its conditions.

The Court's order involves controlling questions of law as to which there is substantial ground for difference of opinion. In a somewhat analogous situation, the Mississippi Supreme Court has held that a notice of suit exclusion should not apply to an unnamed insured where it would place "an impossible burden on persons who were not contracting parties and who did not have possession of the insurance policy, and could not notify an insurance company of which they had no knowledge." *Rampy v. State Farm*, 278 So.2d 428, 433 (Miss. 1973). Similarly, in the context of Texas contract law, the Fifth Circuit has recognized "[t]he special case of the ignorant additional insured". *See Crocker v. Nat'l Union Fire Insur. Co. of Pittsburgh*, 466 F.3d 347, 358 (5th Cir. 2006). The Fifth Circuit indicated that an additional insured's knowledge of a policy, as well as the insurer's reasonable efforts apprising the additional insured of the existence and provisions of a policy, are relevant fact questions. *Id.* at 353 n.6 & 358 n 11.

The instant case presents several interrelated questions appropriate for interlocutory appeal. Namely, whether, as a matter of Mississippi law, an insurer is required to provide evidence of an unnamed insured's knowledge of the underlying terms of the subject UM policy with regard to its consent-to-settle exclusionary provision. In a related question, the case presents the issue of whether, as a matter of law, the insurer is required to provide evidence as to

the insurer's reasonable efforts to apprise the unnamed insured of the existence and terms of the UM policy.  Although not raised in Defendant's motion, the Plaintiff's diligence in seeking information about the UM policy also bears on these questions.  If, contrary to the Court's conclusions, the unnamed insured's knowledge of the policy and its content is irrelevant to the application of the consent-to-settle exclusion, such that the exclusion applies, then Plaintiffs' recovery under the policy would be barred and result in dismissal of Plaintiffs' lawsuit.  Thus, Defendant's appeal may materially advance the ultimate termination of the litigation.

    IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's [159] Motion for Interlocutory Appeal is GRANTED.  This lawsuit is stayed pending a final decision by the United States Court of Appeals for the Fifth Circuit.

    SO ORDERED AND ADJUDGED, this the 18th day of July, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE